UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2003 DEC 19 P 4: 07

U.S. DISTRICT COURT
DISTRICT OF MASS.

VICTOR OSORES
Petitioner

v.

STEVEN FARQUHARSON
DISTRICT DIRECTOR
U.S. IMMIGRATION AND
CUSTOM ENFORCEMENT
Respondent

PETITION FOR HABEAS CORPUS

03 12572 NG

MAGISTRATE JUDGE Alexander

Now comes the Petitioner:

1. The Petitioner, Victor Osores, is a residents of Massachusetts, and is presently in the custody of the U.S. Immigration and Custom Enforcement Agency, at the Suffolk County Sheriff's Department (SouthBay), Boston, Massachusetts.

2. The Respondent, Steven Farquharson, is the District Director for the U.S. Immigration and Custom Enforcement Agency, District of Boston.

JURISDICTION

3. Jurisdiction is granted to this United States District Court pursuant to 28 U.S. C. § 2241. Under 28 U.S.C. § 2241, a writ of habeas corpus can extend to a prisoner who is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Oliva v. INS, 1999 WL 61818 (2nd Cir.1999.)

SUMMARY OF ISSUE

4. Whether the District Director can legally and constitutionally deport Petitioner while his motion to reopen his removal proceedings based upon ineffective assistance of counsel and change circumstance, is still pending adjudication before the Immigration Court.

RECEIPT #
AMOUNT $ 5
SUMMONS ISSUED 1/1/r
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. m
DATE 12-19-03

## HISTORY OF PROCEEDINGS

5. The Petitioner, is a native and citizen of Peru, who entered the United States with a tourist visa, on or about September 4, 1996.

6. Petitioner was placed in removal proceedings for overstaying the authorized period granted.

7. At his last hearing, Petitioner sought a grant of voluntary departure, after being informed by his counsel that he did could not seek a grant of asylum as relief from removal because it was too late to file.

8. Petitioner was granted until March 20, 2003, to depart the United States. He failed to do so, and was subsequently apprehend by members of the Immigration and Custom Enforcement Agency, upon his outstanding order of removal.

9. On November 25, 2003, Petitioner filed with the Boston, Immigration Court, his motion to reopen his removal proceedings on the basis of ineffective assistance of counsel, a motion for an emergency stay, and sought to apply for asylum and withholding of removal on the basis of change circumstances.

10. On December , 2003, the motion for an emergency stay was denied. However, the motion to reopen is still pending.

11. This Writ of Habeas Corpus and Motion to Stay Removal follows.

## ANALYSIS

12. The Petitioner Moves this Honorable Court to grant his request for habeas relief and stay removal pending the outcome of his motion to reopen, filed with the Immigration Court.

17. Deportation is not, the inevitable consequence of unauthorized presence in the United States. Johns v. Department of Justice of U.S., 653 F.2d 884 (C.A.Fla., 1981.) The Attorney General is given discretion by express statutory provisions, in some situations, to ameliorate the rigidity of the deportation laws. Id. Even after a final order of deportation has been entered, the District Director can exercises discretion to afford aliens relief from deportation.

18. The Attorney General is also authorized to "withhold

deportation" of any alien to any country if the alien's life or freedom would be threatened there on account of race, religion, nationality, membership in a particular social group, or political opinion. Id.

19. The Petitioner contends that does not have the authority to execute removal where is application for relief is still pending before the Immigration Judge.

20. In Support of his petition, the Petitioner argues that there is a substantial likelihood that his case will be reopened by the Immigration Judge, where his counsel was ineffective, and his claim for asylum is not meritless.

21. Petitioner's claim for asylum is based on his employment as a Peruvian Police Office, in the Anti-Terrorist unit. As a result of Petitioner's position, where he often foils terrorist groups attempts to bomb the government and other citizens of Peru, his life has been threaten. Consequently, the Petitioner seeks protection from the United States, on account of his fear of persecution by members of these terrorist groups, in his country of nationality.

CONCLUSION

22. Based upon the above stated facts, the Petitioners prays that this Court will grant his request for Habeas Corpus, where removal under the circumstances would amount to a violation of his Constitutional rights.

Respectfully Submitted,

12/18/03

STEPHEN A. LAGANA, Esq.
Lagana & Associates
145 Essex Street
Lawrence, MA 01840
978/794-2331
BBO: 565811

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE OF IMMIGRATION REVIEW
IMMIGRATION COURT
BOSTON, MASSACHUSETTS

In the matter of: )
)
OSORES AGUILAR, Victor ) File#:A78-632-854
)
Respondent )
)

RESPONDENTS MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REOPEN REMOVAL PROCEEDINGS BASED UPON INEFFECTIVE ASSISTANCE OF COUNSEL AND CHANGE CIRCUMSTANCES

PROCEDURAL HISTORY

The Respondent is a native and citizen of Peru, who last entered the United States on or about September 4, 1996, with a tourist visa, authorized to remain until January 3, 1997. On June 4, 2001, the Respondent was placed into removal proceedings upon the issuance of a Notice to Appear, charging him with being removable under Section 237(a)(1)(B) of the Immigration and Nationality Act, for remaining longer than permitted. The Respondent appeared for his November 20, 2002, master hearing with counsel, Attorney John J. Loscocco, of Barker, Epstein & Loscocco. On the advise of Counsel, Respondent sought only a grant of voluntary departure, and waived any other potential form(s) of relief from Removal. The Immigration Judge granted Respondent's requested for voluntary departure, and he was given until March 20, 2003, to

depart the United States. In August 2003, the Respondent was arrested by members of the Immigration and Custom Enforcement Agency, upon his outstanding removal order. Respondent is presently being detained in the Suffolk County House of Corrections, pending his removal to Peru. This Motion to Reopen on the basis of ineffective assistance of counsel and change circumstances, follows.

FACTUAL BACKGROUND

In June of 2001, after receiving his Notice to Appear, the Respondent met with Attorney John J. Loscocco, of Barker, Epstein & Loscocco, for the purpose of porviding legal representation before the Immigration Court. The Respondent alleges that during their initial consultation, he explained to Attorney Loscocco, how came to the attention of the Immigration Court, that he was a native and citizen of Peru, and was employed in the Peruvian Police Department, in the Anti-terrorist unit. He specifically wanted to know if the threats made against his life, because of his work, made him eligible to apply for asylum or some other form of protection provided by the United States Government, for someone with his background and skill training.

However, the Respondent states that Attorney Loscocco dismissed his claims and informed him that it was too late to apply for anything before the court, other than voluntary departure. He further states that Attorney Loscocco suggested that he try the Visa Lottery Program. According to the Respondent, Attorney Loscocco, instructed him to present himself before the court without counsel, on November 14, 2001 hearing, and ask the Judge for

additional time to seek legal representation. After his hearing, he should come back to see him, and he would request a continuance on the basis that he, Attorney Loscocco could not make the next hearing, thereby obtaining another continue. Then he would appear with the Respondent at the subsequent rescheduled hearing for a fee of $500.00, at which time he will inform the court that the Respondent will take a grant of voluntary departure.

The Respondent appeared at his scheduled November 14, 2001, hearing without counsel, and did as instructed. A subsequent hearing date was scheduled for June 13, 2002. The Respondent states that after his hearing, he again met with Attorney Loscocco, for further instructions and to relay what had taken place at the hearing. He asserts that at his second meeting, he again inquired about seeking asylum or some other form of relief, and was again told that there was no change, it was too late. They did, however, complete an application for the Visa Lottery Program.

On January 16, 2002, Respondent's hearing was rescheduled to October 9, 2002 and then again for November 20, 2002. On November 20, 2002, the Respondent appeared with Attorney Loscocco, for his master hearing. Pleadings were entered, at which point Respondent conceded to the charges and sought only voluntary departure. At the conclusion of Respondent hearing, Attorney Loscocco took the $500.00 cash payment and gave Respondent a sticky note as a receipt. On December 5, 2002, Attorney Loscocco, mailed Respondent a reminder letter that he must departure the United States before or by March 20, 2003.

ISSUE

Whether Respondent's Motion to Reopen Removal proceedings on the basis of ineffective assistance of counsel should be granted where the Respondent can demonstrated a substantial likelihood that the result in his case would be changed if the proceedings were reopened, by showing that he was not, in fact, removable.

ARGUMENT

Respondent seeks to have this Court exercise its discretion and reopen his removal proceedings and rescind his outstanding order of removal. In particular, the Respondent seeks reopening on the basis that his outstanding order of removal is the result of ineffective assistance of his prior counsel. Specifically, the Respondent alleges that his failure to apply for any other form of relief, namely asylum, in addition to voluntary departure, was the result of ineffective assistance of counsel. Therefore, he seeks recision of the outstanding order and the opportunity to apply for asylum and withholding of removal.

Ineffective assistance of counsel exists where, as a result of counsel's actions (or lack thereof), "the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case." Bernal-Vallejo v. INS, 195 F.3d 56, 63 (1st Cir.1999). As a procedural matter, a claim of ineffective assistance of counsel is typically raised through a motion to reopen, which can be brought before either the BIA or the IJ directly. Saakian v. I.N.S., 252 F.3d 21,(1st Cir.2001).

A motion to reopen or reconsider based upon a claim of ineffective assistance of counsel requires (1) that the motion be supported by an affidavit of the allegedly aggrieved respondent setting forth in detail the agreement that was entered into with counsel with respect to the actions to be taken and what representations counsel did or did not make to the respondent in this regard,

(2) that counsel whose integrity or competence is being impugned be informed of the allegations leveled against him and be given an opportunity to respond, and (3) that the motion reflect whether a complaint has been filed with appropriate disciplinary authorities with respect to any violation of counsel's ethical or legal responsibilities, and if not, why not. Matter of Lozada, 19 I. & N. Dec. 637, (BIA1988).

Only one motion to reopen is allowed and must be filed with the Board not later than 90 days after the date on which the final administrative decision was rendered, or on or before September 30, 1996, whichever date is later. Matter of JJ, 21 I & N. Dec. 976, (1997). An exception exists for motions to reopen to apply or reapply for asylum or withholding of deportation based on changed circumstances arising in the country of nationality, if evidence is presented that is material and was not available and could not have been discovered or presented at the former hearing. Id.

Additionally, in deciding whether ineffective assistance of counsel justifies equitable tolling of the 180-day limit for seeking rescission of an in absentia deportation order on the basis of exceptional circumstances in a given case, immigration judges (IJ) and the Board of Immigration Appeals (BIA) should be guided by the standards generally applicable to equitable tolling. Immigration and Nationality Act, §§ 242B(c)(3)(A), as amended, 8 U.S.C.(1994 Ed.) §§ 1252b(c)(3)(A). Jobe V. I.N.S., 212 F.3d 674, (1st Cir. 2000.) The doctrine of equitable tolling creates an exception to the 180-day period for seeking rescission of an in absentia deportation order on the basis of exceptional circumstances if the failure to timely file was the result of ineffective assistance of counsel. Id.

Furthermore, the inability to obtain vital information bearing on the existence of a

claim need not be caused by the wrongful conduct of a third party in order for equitable tolling of a statute of limitations to apply; rather, the party invoking tolling need only show that his or her ignorance of the limitations period was caused by circumstances beyond the party's control, and that these circumstances go beyond a garden variety claim of excusable neglect. Socop-Gonzalez v. I.N.S., 272 F.3d 1176, (9th Cir. 2001.)

Consequently, the Court of Appeals will apply equitable tolling in situations where, despite all due diligence, the party invoking equitable tolling is unable to obtain vital information bearing on the existence of the claim, and in situations where an alien was unaware, despite due diligence, that he missed the limitations period for filing a motion to reopen due to ineffective assistance of counsel. Id.

Additionally, a motion to reopen proceedings shall state new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits and other evidentiary material. 8 C.F.R. §§3.23(b)(3) (2000). In essence, the regulations prescribe that the alien need satisfy only the general requirements for motions to reopen. See Matter of Gutierrez, 21 I&N Dec. 479, 482-483 (BIA 1996). The alien must further demonstrate that he or she warrants a grant of the motion in the exercise of discretion. INS v. Doherty, 502 U.S. 314, 315-316 (1992).

Here, the Respondent seeks to reopen removal proceedings and argues that he can demonstrate a substantial likelihood that the result in his case would be changed if the proceedings were reopened, by showing that he was not, in fact, removable. In support of his allegation of ineffective assistance of counsel, the Respondent offers an affidavit, in which he recites the events and discussions which took place between he and Attorney Loscocco. As well

as the failure of his counsel to act in his best interest by pursuing his viable potential claim for relief.

In his affidavit, the Respondent recites his agreement with Attorney Loscocco for legal representation, and his discussion with him regarding his need to seek a grant of asylum because of threats made against his life, as a result of his employment in the Anti-terrorist unit in Peru. Despite his repeated request for protection, Attorney Loscocco never presented his claim for asylum before the court. Consequently, the Respondent argues that his case merits a discretionary grant on the basis of ineffective assistance of counsel, notwithstanding the fact that the motion was filed 6 months, after the Immigration Judge's grant of voluntary departure.

The Respondent concedes that there is a time limit for the filing of motions to reopen on the basis of ineffective assistance of counsel, and acknowledges that this motion does not meet the statutory time limit. However, he contends that the time bar should not apply in this case, given that the failure to timely file was due to his lack of knowledge regarding his counsel's negligence. Furthermore, he states that his motion was filed within a reason time upon the discovery of said misconduct, and ask that this Court apply the reasoning of Socop-Gonzalez, by tolling the time required to file his motion, on the basis of ineffective assistance of counsel. Additionally, since the Respondent seeks to have his case reopen on the basis of change circumstances, namely change country condition, to seek asylum, the time and numerically limitations does not apply. See 8 C.F.R. § 3.23(b)(4)(i).

Additionally, the Respondent seeks to have his case reopen to apply for asylum on the basis of change circumstances. His claim for asylum is based on his employment as a Peruvian Police Office, in the Anti-Terrorist unit. As a result of Petitioner's position, where he often foils

terrorist groups attempts to bomb the government or other citizens of Peru, his life has been threaten. Consequently, the Petitioner seeks protection from the United States, on account of his fear of persecution by members of these terrorist groups in his country of nationality.

In support of request to reopen these proceedings to apply for asylum based on change circumstances, the Respondent offers an asylum application, documents relating to his training and employment history, both in Peru and the United States, as well as recent country reports, indicating that the country conditions in Peru has drastically changed. The condition in Peru illustrates that rival factions have continued to commit human rights violations and have continued to fight despite signed peace agreements.

In short, the Respondent contends that a review of the documents presented shows that he merits a discretionary grant by this Court and be afforded the opportunity to present his claim for asylum and withholding of removal. He maintains that if he is forced to return to Peru, he will be harm by members of terrorist groups, whose activities he has aided in preventing, during his tenure as an officer in the Peruvian Police Department.

CONCLUSION

Accordingly, the Respondent prays that this Court will exercise its discretion and reopen these removal proceedings where, because of ineffective assistance of counsel, he was prevented from reasonably presenting his case for asylum, or in lieu, for change circumstances.

Respectfully Submitted,
Victor Osores
the Respondent
By his Attorney

Date: 12/18/03

Stephen A Lagana, Esq.
Lagana & Associates
145 Essex Street
Lawrence, MA 01840
978 794-2331
BBO # 565811

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE OF IMMIGRATION REVIEW
IMMIGRATION COURT
BOSTON, MASSACHUSETTS

In the Matter of : )
)
OSORES Aguilar, Victor )
) File#: A78-632-854
Respondent )
)

**AFFIDAVIT OF VICTOR AGUILAR OSORES IN SUPPORT OF HIS MOTION TO REOPEN REMOVAL PROCEEDINGS**

I Victor Aguilar Osores, do depose and say as follows:

1. I am the Respondent in the above-captioned matter.

2. I am a native and citizen of Peru.

3. I last entered the United States on or about October 4, 1996 with a B-1 visa.

4. I received a Notice to Appear issued with the Court on June 4, 2001, charging me with removability from the United States because I over stayed.

5. I met with Attorney John L. Loscocco, in June 2001, after I received the NTA, to assist me with my Immigration case pending before this Court.

6. At our first consultation, Attorney Loscocco asked me how I came to the attention of the Immigration Service and I related to him all the events that had brought me to seek his help. I told him that I had volunteered with the Waltham Police Department, because they were seeking voluntaries and I had the desire to offer my skills and experience to better serve the community. I never hid the fact that I had no green card from the Waltham Police Department. However, after about a year, my immigration status came to the attention of one of the Officers.

7. We also discussed my previous employment in Peru as a member of Peru's National Police Force's S.W.A.T. That I had worked specifically in the Anti-Bomb squad unit. I worked with the Bomb Technicians from 1988-1992, with S.W.A.T. from 1992-1994, and with the Anti-Terrorist Platoon from 1985-1988. I further told him that because of my employment with the Peru Police Department, I had to move form location to location, because I was always on the news and terrorist gang members, whose actions I had thwarted, often threaten to kill me or have me killed.

8. I further informed him that I had undergone training in Baton Rouge, Louisiana, with the Department of State Anti-Terrorist Unit , and that I was associated with the International Association of Bomb and Explosive Deactivation Technicians.

9. Attorney Loscocco, told me after our discussion, that he could only get me voluntary departure because it was too late to apply for asylum.

10. He told that I should "go to court and tell the Judge that I didn't have an attorney" and the court would give me another date. He further stated that for the next hearing, he would "call the court or send a letter to tell them he could not make it," and that he would show up at my last hearing to get me voluntary departure.

11. I went to my first court hearing on November 14, 2001, and did as Attorney Loscocco instructed me to. I was given another court date for June 13, 2002. After the hearing I went back to see Attorney Loscocco.

12. At this second meeting, we discussed the possibility of applying for a visa under the visa lottery program, and I paid him to file those forms. I again asked him about asylum and he said nothing new had occurred, so we went on with the visa lottery forms. I brought him the pictures and documents he requested.

13. My case was rescheduled twice and I received a new hearing date for November 20, 2002. I presumed that Attorney Loscocco had gotten the dates change because told he would. So when I received the rescheduled notices, I thought nothing of it. I went to see him after I received the last notice date.

14. At our last meeting. Attorney Loscocco again told me "I'll go with you to court for the voluntary departure request" and that I should bring him $500.00 cash so that I could give him the money directly after the hearing, since he would be staying in court representing other clients some time after my appointment." I paid him the money and he wrote me a receipt on a sticky note pad. I accepted the Court's voluntary departure order as instructed by Attorney Loscocco.

15. Despite all the information I had given to Attorney Loscocco about my employment with the Peruvian Police Department in their Anti-terrorist and bomb squad unit and my fears about going back to Peru, because I was known by members of terrorist gangs whose actions I had thwarted on many occasions and the numerous threats against my life and my families, he insisted that I could not apply for asylum because it was too late.

16. I maintain my need to seek asylum in this country because I fear being killed by terrorist gang members, if returned to Peru, for my anti-terrorist acts while

employed within the Peruvian Police Department.

17. Prior to my last entry into the United States, my life and my families life were threatened. On one occasion, these individuals visited my sister's home, because they knew I had live there, and threaten her and my brother saying that "if they find me they will kill me." They had asked for my by my first and last name.

18. On another occasion a person disguised as a police officer tried to kill me, but I was able to evade him. And on an anniversary of the terrorists fight against the government, a list of their next victims was circulated, and my name was on the list.

19. I had informed my superiors of all these threats on my life, but they were unable to do anything. They told me that "we don't have the manpower to protect you nor your family and that the best I could do was to change my routine and no longer frequent the same places." All this information can be found in my file with the Peru's Police Force's Intelligence Department.

20. With the recent uproar in Peru and for the following above-cited reasons, I request to seek asylum because if I return to Peru, I will be killed by terrorist gang members who want revenge for all the times I had interfered with their plans.

SIGN UNDER THE PAINS AND PENALTIES OF PERJURY

Victor Aguilar Osores