UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VICTOR OSORES,<br><br>        Petitioner<br><br>v.<br><br>BRUCE CHADBOURNE,<br><br>        Respondent | Civil Action No. 03-12572-NG |

### RESPONDENT'S SUPPLEMENTAL BRIEF REGARDING PETITIONER'S FAILURE TO EXHAUST HIS ASYLUM CLAIM

Respondent, Bruce Chadbourne, hereby submits this supplemental brief to address an issue that arose at the December 29, 2003 hearing regarding Petitioner's request for habeas corpus relief; namely the Court's ability to consider anything regarding an alleged asylum claim that has, admittedly, yet to be made by Petitioner. At that hearing, the Court inquired about the Petitioner's failure to apply for asylum and whether that would preclude him from arguing the merits of such a claim in his habeas petition. While there are numerous reasons that any asylum claim should not be considered, including its factbound nature far exceeding the embrace of habeas jurisdiction, Petitioner's failure to apply for asylum, prior to filing his habeas petition, also amounts to a failure to exhaust administrative remedies. Therefore, Petitioner's habeas petition should be dismissed for this separate and independent reason.

The First Circuit has held that failure to pursue and exhaust available review operates as a waiver of habeas review. Mattis v. Reno, 212 F.3d 31, 41 (1st Cir. 2000) ("[t]raditional rules regarding exhaustion and waiver [which] govern on direct review of BIA final orders . . . . [also]

hold on habeas review, which we have suggested is less broad than direct review."); Groccia v. Reno, 234 F.3d 758, 762 (1st Cir. 2000) ("Conventional forfeiture rules pertain in habeas cases.").

In Amaye v. Elwood, 2002 WL 1747540 (M.D.Pa.)(copy attached), the petitioner filed for habeas corpus relief following a removal order. He asserted that he was eligible for a number of forms of relief from removal, including asylum pursuant to 8 U.S.C. § 1158. Id. at *2. The Court dismissed his asylum claim for failure to exhaust administrative remedies, because he had not applied for asylum prior to the habeas proceeding. Id. at *3.

In the instant case, Petitioner sets forth unsubstantiated claims that he is eligible for asylum due to conditions he would face upon returning to his native country of Peru. Despite ample time and opportunity, Petitioner did not file an application for asylum prior to making a request for habeas relief. In fact, he never raised the issue during over two years of immigration proceedings, until he was taken into custody for failure to voluntarily depart. As in Amaye, the Petitioner's claim for asylum should be dismissed for failure to exhaust administrative remedies.

Respectfully submitted,

BRUCE CHADBOURNE

By his attorney,

MICHAEL J. SULLIVAN
UNITED STATES ATTORNEY

By: *(signature)*
Jeremy M. Sternberg
Assistant U.S. Attorney
1 Courthouse Way
Suite 9200
Boston, MA 02210
(617) 748-3142

Certificate of Service
I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each. Other party by mail/hand on _____

12/30/03
DATE          Assistant U.S. Attorney

3

Not Reported in F.Supp.2d
(Cite as: 2002 WL 1747540 (M.D.Pa.))

Page 1

C
Only the Westlaw citation is currently available.

United States District Court, M.D. Pennsylvania.

Olusola AMAYE, Petitioner,
v.
Kenneth J. ELWOOD, et al., Respondents.

No. CIV.A. 3:CV-01-2177.

June 17, 2002.

Alien detained by the Immigration and Naturalization Service (INS) pending removal filed petition for writ of habeas corpus. Upon filing of objections to recommendation of Smyser, United States Magistrate Judge, that petition be granted, the District Court, Conaboy, J., held that: (1) alien's challenge to removal was cognizable in a habeas petition; (2) alien failed to exhaust administrative remedies as to claims for cancellation of removal, waiver of removal, or asylum; (3) Court would decide issue of whether alien had committed an aggravated felony despite pending appeal before the Board of Immigration Appeals (BIA); and (4) alien's underlying Delaware offense of reckless endangering in the second degree was not aggravated felony warranting removal.

Petition granted.

[1] Habeas Corpus €⇒521

197k521 Most Cited Cases

Alien's claim that he was not subject to removal because Immigration and Naturalization Service (INS) failed to show that alien had committed an aggravated felony was cognizable in a petition for habeas corpus. 8 U.S.C.A. § 1229a(c)(3); 28 U.S.C.A. § 2241; 8 C.F.R. § 240.8(a).

[2] Habeas Corpus €⇒282
197k282 Most Cited Cases

Alien's **failure** to **apply** for cancellation of removal, waiver of removal, or **asylum** precluded alien from pursuing such claims in habeas corpus petition, due to failure to exhaust administrative remedies. 8 U.S.C.A. §§ 1158, 1227(a)(7), 1229(b)(2); 28 U.S.C.A. § 2241.

[3] Habeas Corpus €⇒235
197k235 Most Cited Cases

Pending appeal by Immigration and Naturalization Service (INS) before Board of Immigration Appeals (BIA) of immigration judge's (IJ's) decision granting alien's request that removal be withheld and granting relief under Convention Against Torture (CAT) did not preclude District Court from determining, upon alien's habeas corpus petition, whether alien had committed aggravated felony warranting removal; although neither IJ's decision nor pending appeal were before the district court, alien asserted that IJ concluded that alien was not convicted of aggravated felony, and both parties had ample opportunity to develop the record. 28 U.S.C.A. § 2241.

[4] Aliens €⇒53.2(3)
24k53.2(3) Most Cited Cases

Alien's conviction under Delaware law for reckless endangering in the second degree, which occurs when person recklessly engages in conduct which creates a substantial risk of physical injury to another person, was not a crime of violence, and thus not an "aggravated felony" supporting removal of alien under immigration statute, as Delaware offense did not include as an element the use, attempted use, or threatened use of physical force against the person or property of another, and offense was classified as a misdemeanor under state law. 8 U.S.C.A. § 1101(a)(43)(F), 1227(a)(2)(A)(iii); 18 U.S.C.A. § 16(a, b); 11 Del.C. § 603.

[5] Habeas Corpus €⇒796.1
197k796.1 Most Cited Cases

Grant of alien's petition for habeas corpus, rather than remand for exhaustion of administrative remedy of cancellation of removal, was proper remedy where offense underlying removal proceedings was not an aggravated felony, as required for removal, in light of length of alien's incarceration, delay that would result from remand, purpose of habeas corpus, and futility of remand. 8 U.S.C.A. §§ 1101(a)(43)(F); 1229(b)(2); 28 U.S.C.A. § 2241.

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

Not Reported in F.Supp.2d
(Cite as: 2002 WL 1747540 (M.D.Pa.))

Page 2

## MEMORANDUM & ORDER

CONABOY, District J.

*1 On November 16, 2001, Petitioner, an alien in the custody of the Immigration and Naturalization Service ("INS"), detained at the York County Prison, York, Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). This case is currently before us via Magistrate Judge Smyser's Report and Recommendation filed on February 15, 2002. (Doc. 12). The Petitioner is proceeding *pro se.* The Report and Recommendation recommends "that since the Petitioner has not applied to the INS for cancellation of removal pursuant to 8 U.S.C. § 1229(b)(2), waiver of removal pursuant to 8 U.S.C. § 1227(a)(7), or asylum pursuant to 8 U.S.C. § 1158, those claims be dismissed for failure to exhaust administrative remedies. It is further recommended that the petition for a writ of habeas corpus be granted, that the removal order be vacated and that the petitioner be released from custody. In the alternative, it is recommended that the case be remanded to the INS for a review of the petitioner's detention as set forth" in the Report and Recommendation. (Doc. 12). The Respondent filed objections to the Report and Recommendation on February 25, 2002. (Doc. 14).

As the Respondent has filed objections, we shall review the matter *de novo. See Cipollone v. Liggett Group, Inc.,* 822 F.2d 335, 340 (3d Cir.1987), *cert. denied,* 484 U.S. 976, 108 S.Ct. 487, 98 L.Ed.2d 485 (1987).

After a thorough examination of the record and carefully reviewing the matter *de novo,* we shall adopt the disposition set forth in the Report and Recommendation. (Doc. 12).

I

The petition for writ of habeas corpus was filed on November 16, 2001 (Doc. 1). By an Order dated December 7, 2001, the Respondent was ordered to show cause on or before December 27, 2001 why the Petitioner should not be granted habeas relief. (Doc. 3). The Order of December 7, 2001 also provided that the Petitioner may file a response within 10 days of the filing of the response. (Doc. 3).

On December 10, 2001, the Petitioner filed another document entitled "Petition for the Writ of Habeas Corpus Pursuant to 28 U.S.C. Section 2241." (Doc. 4). In this document, the Petitioner sets forth arguments in support of his original petition.

On December 27, 2001, the Respondent filed a response to the petition for a writ of habeas corpus, (Doc. 5), as well as exhibits in support of its response. (Doc. 6). After requesting and receiving an extension of time, the Petitioner filed a reply and exhibits in support on January 24, 2002. (Docs.10, 11). The Report and Recommendation was filed by the Magistrate Judge on February 15, 2002. (Doc. 12). On February 19, 2002, the Petitioner filed a supplement to his petition. (Doc. 13). On February 25, 2002, the Respondent filed Objections to the Report and Recommendation and a short brief in support. (Docs.14, 15). On March 7, 2002, the Petitioner filed a brief in agreement with the Report and Recommendation and supporting exhibits. (Docs.16, 17). On May 28, 2002, the Petitioner filed a motion for stay of deportation (Doc. 19), which was granted by this Court via Order on June 5, 2002. (Doc. 20). The petition is ripe for disposition.

II

*2 The Petitioner is a native and citizen of Nigeria. (Doc. 6, Ex. B). The Petitioner entered the United States as a conditional resident. (*Id.*).

In 1999, the Petitioner was convicted in the Family Court of the State of Delaware, Kent County, of reckless endangering in the second degree. (Doc. 11, Ex. A). He was sentenced to a term of incarceration for one year. (*Id.*). The Petitioner's sentence was suspended and the Petitioner was placed on supervised probation. (*Id.*).

On February 7, 2001, the INS issued a "Notice of Intent to Issue a Final Administrative Removal Order" to the Petitioner. (Doc. 6, Ex. B). The Notice charged the Petitioner with being deportable under 8 U.S.C. § 1227(a)(2)(iii) because he was convicted of an aggravated felony as defined in 8 U.S.C. § 1101(a)(43)(F). (*Id.*). By an Order dated March 7, 2001, the Petitioner was ordered removed from the United States by the Acting District Director of the INS. (Doc. 6, Ex. C).

On October 23, 2001, an Immigration Judge ("IJ")

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

Not Reported in F.Supp.2d
(Cite as: 2002 WL 1747540 (M.D.Pa.))

Page 3

granted the request of the Petitioner that removal be withheld and also granted relief under the Convention Against Torture ("CAT"). (Doc. 6). The INS appealed that decision to the Board of Immigration Appeals ("BIA"). That appeal is still pending. (*Id.*).

The Petitioner has been in the custody of the INS since February 9, 2001. (Doc. 10).

In his filings, the Petitioner has raised a number of claims. First, the Petitioner claims he was not convicted of an aggravated felony and thus he is not subject to removal. (Doc. 1, *et al.*). He also asserts that because he was not convicted of an aggravated felony he is eligible for the following forms of relief from removal: cancellation of removal pursuant to 8 U.S.C. § 1229(b)(2); waiver of removal pursuant to 8 U.S.C. 1227(a)(7) for victims of domestic violence; and asylum pursuant to 8 U.S.C. § 1158. The Petitioner also claims that the mandatory detention provision of 8 U.S.C. § 1226 is unconstitutional.

### III

Both the Supreme Court and the Third Circuit have confirmed that the 1996 changes to the immigration laws did not affect a district court's jurisdiction pursuant to 28 U.S.C. § 2241 to review either statutory challenges to a removal order, *see INS v. Ct. Cyr*, 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001), or constitutional ones as well. *See Sandoval v. Reno*, 166 F.3d 225, 238 (3d Cir.1999) (noting that section 2241(c)(3) "encompasses claims that one 'is in custody in violation of the Constitution or law or treaties of the United States' "); *Steele v. Blackman*, 236 F.3d 130 (3d Cir.2001); *Chmakov v. Blackman*, 266 F.3d 210, 2001 WL 1044599 (3d Cir.2001); *Lee Moi Chong v. District Director*, 264 F.3d 378 (3d Cir.2001) (reviewing the petitioner's constitutional, statutory and regulatory claims presented on habeas to the district court.); *Wilson v. INS*, 2001 WL 1528342 (M.D.Pa.)

[1] In the instant case, Amaye asserts the INS failed to meet its statutory and regulatory burden of proving by clear and convincing evidence that he committed an aggravated felony. *See* 8 U.S.C. § 1229a(c)(3), INA § 240(c)(3); 8 C.F.R. § 240.8(a). Based on the foregoing precedent, we believe this claim is cognizable under § 2241.

*3 [2] We will first address the Respondent's claims that certain of the Petitioner's claims should be dismissed for failure to exhaust administrative remedies. The Respondent contends that the Petitioner has not applied for cancellation of removal pursuant to 8 U.S.C. § 1227(a)(7), or asylum pursuant to 8 U.S.C. § 1158 and, therefore, those claims should be dismissed for failure to exhaust administrative remedies.

Initially, we note that prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to § 2241. *Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir.1996). The basic rationale for the exhaustion requirement is that judicial review may be facilitated by the agency's development of a factual record, that judicial time may be conserved if the agency grants the relief sought, and that administrative autonomy requires that an agency be given an opportunity to correct its own errors. *Arias v. Unisted States Parole Comm'n*, 648 F.2d 196, 199 (3d Cir.1981).

Since the Petitioner has not applied to the INS for cancellation of removal pursuant to 8 U.S.C. § 1229(b)(2), waiver of removal pursuant to 8 U.S.C. § 1227(a)(7), or asylum pursuant to 8 U.S.C. § 1158, those claims will be dismissed for failure to exhaust administrative remedies.

We next address the Petitioner's claims that he was not convicted of an aggravated felony and therefore is not subject to removal.

[3] The Magistrate Judge in his Report and Recommendation noted that an appeal is pending before the BIA, and that "causes us to pause to consider whether this court should decide at this time the issue of whether or not the petitioner was convicted of an aggravated felony." (Doc. 12, p. 5).

The appeal pending before the BIA is the INS's appeal of the IJ's decision granting the Petitioner withholding of removal and relief under the CAT. It is possible that the IJ's decision, granting the Petitioner withholding of removal (8 U.S.C. § 1231(b)(3)) and relief under the CAT, orders only that the Petitioner not be removed to Nigeria and leaves open the possibility that he will be removed to another country where he is not in danger. However, we are unsure about what the IJ's order provides since it has not been produced by either

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

Not Reported in F.Supp.2d
(Cite as: 2002 WL 1747540 (M.D.Pa.))

Page 4

party and is not part of the record. Likewise for the pending appeal before the BIA. [FN1] The Petitioner asserts that the IJ concluded the Petitioner was not convicted of an aggravated felony. [FN2] (Doc. 10, p. 3). In light of this, in the interest of justice and because both parties have had ample opportunity to develop the record we find it is appropriate to decide this issue as it is the core of the Petitioner's writ.

> FN1. The Respondent asserts that the IJ's order was oral. We assume that the INS's appeal of that order was not oral, yet the INS has not provided a copy of said appeal.

> FN2. We distinguish this case from *Francis v. Reno*, 269 F.3d 162. In *Francis*, the IJ ruled that homicide by vehicle as defined in Pennsylvania was not an "aggravated felony," and the INS appealed that ruling to the BIA. The BIA reversed and entered a final order of removal against the alien and the alien petitioned the Circuit Court for review. In the instant case, the IJ ruled in favor of the Petitioner and the Respondent has filed an appeal, however, in the interest of justice and in light of the IJ's ruling we exercise review of the matter.

IV

[4] An alien convicted of an "aggravated felony" is deportable pursuant to 8 U.S.C. 1227(a)(2)(A)(iii). "Aggravated felony" as defined by 8 U.S.C. § 1101(a)(43)(F) includes "a crime of violence (as defined in section 16 of title 18, United States Code, but not including a purely political offense) for which the term of imprisonment [is] as least one year." Title 18 U.S.C. § 16, in turn, defines a crime of violence as:

*4 (a) an offense that has an element, the use, attempted use, or threatened use of physical force against the person or property of another, or
(b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

In the instant case, the Petitioner was convicted of reckless endangering in the second degree under Delaware law. The Del.Code Ann. tit. 11, § 603 (2001), provides that a a person is guilty of reckless endangering in the second degree when "[t]he person recklessly engages in conduct which creates a substantial risk of physical injury to another person." Delaware classifies reckless endangering in the second degree as a class A misdemeanor. *Id.*

Therefore, we must address whether reckless endangering in the second degree satisfies the definition of a crime of violence under either 18 U.S.C. § 16(a) or 18 U.S.C. § 16(b).

We first address § 16(a).

Title 18 U.S.C. § 16(a) includes only offenses that have "as an element the use, attempted use, or threatened use of physical force against the person or property of another." Reckless endangering in the second degree under Delaware law requires only reckless engagement in conduct which creates a substantial risk of physical injury to another person. The statute does not mention force at all. The crime of reckless endangering in the second degree under Delaware law does not include as an element the use, attempted use, or threatened use of physical force against the person or property of another. Accordingly, we find it does not meet the definition of a crime of violence found in 18 U.S.C. § 16(a).

We support this finding with the Third Circuit's decision in *United States v. Parson*, 955 F.2d 858 (3d Cir.1992). In *Parson*, the issue before the court was whether the crime of reckless endangering in the first degree [FN3] under Delaware law was a crime of violence under the United States Sentencing Guidelines §§ 4B1.1 and 4B1.2(1). Although the definition of a crime of violence under the United States Sentencing Guidelines differed from the definition of a crime violence under 18 U.S.C. § 16, the court analyzed the definition of a crime of violence under 18 U.S.C. § 16. The court stated that 18 U.S.C. § 16(a) requires a specific intent to use force and that "the crime of reckless endangering necessarily involves a serious risk of physical injury to another person, but not necessarily an intent to use force against other persons." *Parson, supra*, 955 F.2d at 866. The court cited as an example a parent who leaves a young child unattended near a pool. *Id.* Such conduct may risk serious injury to the child but does not involve

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

Not Reported in F.Supp.2d
(Cite as: 2002 WL 1747540 (M.D.Pa.))

Page 5

an intent to use force against the child. *Id.* The court concluded that the crime of reckless endangering in the first degree under Delaware law does not "include as an element the actual, attempted or threatened use of force against another person" and thus does not meet the definition of a crime of violence under 18 U.S.C. § 16(a). *Id.* at 867 n. 12.

> FN3. The crime at issue in *Parson* was reckless endangering in the first degree under Delaware law, whereas the crime at issue in this case is reckless endangering in the second degree under Delaware law. The difference between them is the magnitude of the risk of harm. *Oney v. Delaware,* 397 A.2d 1374, 1376 (Del.1979). First degree requires proof of a substantial risk of death whereas second degree requires only proof of a substantial risk of physical injury. *Id.*

*5 We now address § 16(b).

Title 18 U.S.C. § 16(b) specifically refers only to offenses that are felonies. Where an offense is categorized as a misdemeanor under state law it does not meet the definition of a crime of violence under 18 U.S.C. § 16(b). *Francis v. Reno,* 269 F.3d 162, 170 (3d Cir.2001)(holding that where an "offense is categorized as a misdemeanor under state law, it is excluded unless it involves force and falls under subsection 16(a)). Therefore, we find, reckless endangering in the second degree under Delaware law does not meet the definition of crime of violence under 18 U.S.C. § 16(b) because Delaware classifies it as a misdemeanor, and does not include force.

The Petitioner's conviction of reckless endangering in the second degree under Delaware law is not a conviction for a crime of violence under 8 U.S.C. § 16 and, therefore, it is not a conviction for an aggravated felony under 8 U.S.C. § 1101(a)(43)(F). Since the removal order in this case was predicated on the Petitioner's conviction of an aggravated felony and because we find the Petitioner has not been convicted of an aggravated felony, the removal order shall be vacated and the Petitioner shall be released from custody.

V

[5] We have seriously considered remanding this matter for exhaustion purposes or to allow Amaye to file an application for cancellation of removal pursuant to 8 U.S.C. § 1229(b)(2), however, we find that would be legally and practically inappropriate for a number of reasons, including the following: (1) The Petitioner, Amaye, has been incarcerated since February 9, 2001; (2) the Respondent's reason for attempting to deport Amaye is based on the erroneous allegation that he was convicted of an aggravated felony; (3) we conclude (and there seems to be no serious argument otherwise) the offense involved was not an aggravated felony. Therefore, remand for exhaustion under the circumstances would serve no useful purpose; (4) remand for exhaustion would result in an unconscionable delay and a miscarriage of justice; (5) the basic purpose of writ of habeas corpus is to grant release from confinement where that is obviously the proper thing to do. One should not suffer the disabilities associated with having been convicted of an aggravated felony, unless one has indeed been convicted of having committed such and offense. (*See Steele v. Blackman* at 136, *supra* ); (6) remanding for the purpose of exhaustion or to file for cancellation of removal would be an futile effort in this case and would serve no other purpose than to lengthen Petitioner Amayes's detention improperly and unnecessarily.

Pursuant to the aforementioned, we will adopt the Report and Recommendation (Doc. 12) and because the Petitioner has not applied to the INS for cancellation of removal pursuant to 8 U.S.C. § 1229(b)(2), waiver of removal pursuant to 8 U.S.C. § 1227(a)(7), or asylum pursuant to 8 U.S.C. § 1158, those claims will be dismissed for failure to exhaust administrative remedies. We will, however, grant the petition for writ of habeas corpus (Doc. 1) and vacate the removal order and direct the INS to release the Petitioner from custody forthwith. In light of this disposition, the Petitioner's claim that 8 U.S.C. § 1226 is unconstitutional is moot and we will not address it. An appropriate Order follows.

ORDER

*6 NOW, this 17th Day of June, 2002, IT IS HEREBY ORDERED THAT:
1. The Report and Recommendation (Doc. 12) is ADOPTED pursuant to the attached Memorandum;
2. Petitioner's unexhausted claims are dismissed

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

Not Reported in F.Supp.2d
**(Cite as: 2002 WL 1747540 (M.D.Pa.))**

Page 6

for failure to exhaust;
3. Petitioner's petition for writ of habeas corpus (Doc. 1) is GRANTED;
4. Petitioner's claim that 8 U.S.C. § 1226 is unconstitutional is deemed MOOT;
5. The INS's removal order is VACATED;
6. The INS is directed to RELEASE the Petitioner from custody forthwith;
7. The Clerk of Court is directed to close this case.

2002 WL 1747540 (M.D.Pa.)

END OF DOCUMENT

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works