UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---

VICTOR OSORES,                              )
    Petitioner,                        )
                                       )
    v.                                 ) Civ. Action No. 03-12572-NG
                                       )
STEVEN FARQUHARSON,                        )
DISTRICT DIRECTOR, UNITED STATES           )
IMMIGRATION AND CUSTOM ENFORCEMENT,)
    Respondent.                        )

---

MEMORANDUM AND ORDER
January 30, 2004

The petitioner Victor Osores is a resident of Massachusetts, presently in the custody of the Immigration and Custom Enforcement agency.  He was in "removal" proceedings for overstaying his visa.  He appeared for a hearing on November 20, 2002, with counsel.  At that hearing, he chose voluntary departure in lieu of removal, because, he claims, his lawyer mistakenly told him that it was too late for him to file for asylum.

He claims that he is eligible for asylum because he had been a police officer with Peru's National Police Force and had worked with various Anti-Terrorist units.  His work involved capturing and disarming several members of the Shining Path and Tupac Amaru Revolutionary movements.  The resurgence of these groups in Peru during 2002 and 2003 would put him at considerable risk were he to be returned to his country.

Voluntary departure was to take place March 20, 2003. Petitioner did not show up, despite his counsel's warning

(apparently confirmed in a letter dated December 5, 2002), that
if he did not leave on the date specified, he would be at risk of
being placed in I.N.S. custody and detention at any time after
this date.

After August of 2003 (the precise date is not in the
record), Osores was apprehended by members of the Immigration and
Custom Enforcement.  While in custody, he sought to reopen his
removal based on ineffective assistance of his first counsel
(namely for telling him that his asylum claims were time-barred)
and sought an emergency stay of deportation.  These papers were
filed on November 25, 2003.  There is nothing in the record as to
when Osores found new counsel and determined that the advice he
had earlier received was wrong.

On December 16, 2003, the Immigration Judge denied the
Emergency Motion to Stay Deportation with an endorsement that
stated, "respondent was not ordered to be removed by the court.
He was given 120 days voluntary departure until March 20, 2003.
There is no indication here as to what relief he might have been
eligible for.  He did not submit a motion to reopen within 90
days and even thereafter, he did not do so until taken into
custody."  Under 8 C.F.R. § 1003.2, Osores was to have filed a
motion to reopen within 90 days after the hearing the previous
November of 2002.  8 C.F.R. § 1003.2(c)(2) (2004).

Osores brought a writ of habeas corpus on December 19, 2003 before this Court, claiming that he cannot be deported "while his motion to reopen his removal proceedings based upon ineffective assistance of counsel and changed circumstances" is still pending. (Technically, the motion was still pending; only the emergency stay was denied.) He seeks to excuse his failure to reopen the November proceedings based on counsel's inaccurate advice and his failure to file for an asylum petition at that time.

But even as of the time of the filing of the December 19, 2003 petition, Osores had done nothing to perfect his claim of ineffective assistance of counsel or buttress his petition with the facts underlying his asylum claim.

There is no question that Osores has missed all of the administrative deadlines. The only issue is whether, under the circumstances, those deadlines are "equitably tolled" because of ineffective assistance of counsel.

On December 22, 2003, I stayed deportation in order to address these issues.

The government counters with a motion to dismiss: 1) because petitioner's petition is untimely, 2) because the First Circuit has not "endorsed any equitable tolling with respect to the time limits for a motion to reopen," 3) because the court has no jurisdiction except with respect to colorable claim of legal

-3-

error, which is not present here, 4) because the petitioner's claim of ineffective assistance requires a factual inquiry for which this court lacks jurisdiction, and 5) because the attorney malfeasance alleged here in any event does not fall below the constitutional standards.

I can address issues 3), 4), and 5). This petition does involve a legal issue, whether Osores meets the threshold requirements for equitable tolling of the deadlines. If he does, then the Board of Immigration Appeals would have to consider his claim for ineffective assistance of counsel.[1]

I do not agree with the government to the extent it implies that the First Circuit's decision in Jobe v. I.N.S., 238 F.3d 96 (1st Cir. 2001), somehow precludes an "equitable tolling" analysis. The First Circuit in Jobe declined to apply equitable tolling because the petitioner, it found, had not met the threshold requirements.

While the Court spelled out the requirements for equitable tolling,[2] it underscored the fact that principle "is appropriate

---

[1]Because deportation proceedings are civil, the Sixth Amendment guarantee of effective counsel in criminal proceedings is inapplicable. Nonetheless, the First Circuit has recognized that "there is a due process violation if [a deportation proceeding] was so fundamentally unfair that the alien was prevented from reasonably presenting his case." Bernal-Vallejo v. I.N.S., 195 F.3d 56, 63 (1st Cir. 1999) (collecting cases).

[2]The five factors that should guide courts in evaluating a claimant's entitlement to such tolling are: (1) a lack of actual notice of a time limit; (2) a lack of constructive notice of a time limit; (3) diligence in the pursuit of one's rights; (4) an absence of prejudice to a party opponent; and (5) the claimant's reasonableness in remaining ignorant of the time limit. See Benitez-Pons v. Commonwealth of Puerto Rico, 136 F.3d 54, 61 (1st Cir. 1998)

only when the circumstances that cause a [party] to miss a filing
deadline are out of his hands," Jobe, 238 F.3d at 100 (quoting
Salois v. Dime Savings Bank of New York, 128 F.3d 20, 25 (1st
Cir. 1997)) and reiterated that "[e]quitable tolling is
unavailable where a party fails to exercise due diligence."  Id.
(quoting Benitez-Pons v. Commonwealth of Puerto Rico, 136 F.3d
54, 61 (1st Cir. 1998)).[3]

The problem is that the record is not complete.  There are
facts pointing to something less than due diligence here -- that
the motion to reopen was not filed until Osores was in custody.
And there are facts suggesting that even current counsel has not
carefully assembled Osores' case -- not raising the facts

_____

(deciding whether to toll the running of a statute of limitations) (citing
Kale v. Combined Ins. Co. of America, 861 F.2d 746, 752 (1st Cir. 1988));
Jobe, 238 F.3d at 100.

    [3] In fact, scholarly commentary has taken the Court's somewhat ambiguous
decision in Jobe and characterized it as a sort of middle approach between the
exceptional circumstances test of some circuits and the five-factor test of
others. They have not characterized the decision is precluding equitable
tolling:

    "The test for equitable tolling under AEDPA varies among the circuits.
Most circuits use the "rare and exceptional circumstances" or "extraordinary
circumstances" test. See Dunlap v. U.S., 250 F.3d 1001, 1007-10 (collecting
cases);  Turner v. Johnson, 177 F.3d 390, 391-92 (5th Cir., 1999) (per curiam)
("rare and exceptional circumstances"), cert. denied, 528 U.S. 1007 (1999).
The Sixth Circuit, however, considers five factors: (i) the petitioner's lack
of notice of the filing requirement, (ii) the petitioner's lack of
constructive knowledge of the filing requirement, (iii) diligence in pursuing
one's rights, (iv) absence of prejudice to the respondent, and (v) the
petitioner's reasonableness in remaining ignorant of the legal requirement for
filing his claim. Dunlap, 250 F.3d at 1008-09 (citing Andrews v. Orr, 851 F.2d
146, 151 (6th Cir. 1988)). The First Circuit has not addressed equitable
tolling in the context of AEDPA, but its test for equitable tolling in general
has been somewhere between the "exceptional circumstances" test and the
five-factor test.  Compare Bonilla v. Muebles J.J. Alvarez, Inc., 194 F.3d
275, 279 (1st Cir. 1999) ("exceptional circumstances"), with Jobe, 238 F.3d at
100 (1st Cir. 2001) (en banc) (five-factor test), and Kale, 861 F.2d at 752
(1st Cir. 1988) (citing Andrews, 851 F.2d at 151).

underlying the asylum claim and not following the requirements for perfecting an ineffective assistance of counsel claim.[4]

But there is a gap in the record:  did Osores tell his first lawyer all of the facts about a potential asylum claim which he has outlined in the papers before this court?  What did the first lawyer say with respect to it?  Was any of this on the record in the I.N.S. proceedings?  When did Osores find out that his first counsel had erred?  Before he was arrested?  After his arrest? When did he retain his second counsel?  If it was shortly after his arrest, how does he justify not filing the instant petition for four months between August and November?  Is there any corroboration of Osores' account of what he was told by his first counsel -- letters, transcripts, witnesses?

Equitable tolling is an uphill climb for Osores. But given the apparent risks of deportation, he and his counsel should be willing to undertake it.

---

[4] Matter of Lozada, 19 I. & N. Dec. 637, 639 (B.I.A. 1988), aff'd sub nom. Lozada v. I.N.S., 857 F.2d 10 (1st Cir. 1988).  There, the BIA stated that when an alien has averred ineffective assistance of counsel, the motion should be supported by 1) an affidavit setting forth "in detail the agreement that was entered into with former counsel with respect to the actions to be taken," as well as any representations made by counsel to the alien; 2) proof that the movant has informed former counsel of the allegations in writing, as well as any response received; and 3) a statement detailing "whether a complaint has been filed with appropriate disciplinary authorities regarding such representation, and if not, why not." Id.; see also Saakian v. I.N.S., 252 F.3d 21, 25 (1st Cir. 2001); Lopez v. I.N.S., 184 F.3d 1097, 1100 (9th Cir. 1999); Huicochea-Gomez v. I.N.S., 237 F.3d 696, 699 (6th Cir. 2001). While I think that the BIA's requirements are excessive, clearly a careful advocate would have taken pains to meet them.

Counsel for Osores should supplement his papers by February 5, 2004; government to reply by February 12, 2004.

**SO ORDERED.**


**Dated:  January 30, 2004        <u>s/NANCY GERTNER, U.S.D.J.</u>**