UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

VICTOR OSORES          )
                       )
    PETITIONER         )
                       )
v.                     )    Civil Action No. 03-12572-NG
                       )
BRUCE E. CHADBOURE     )
                       )
    RESPONDENT         )
_____)

### PETITIONER'S RESPONSE TO RESPONDENT'S
### NOTICE OF INTENT TO EXECUTE REMOVAL ORDER

Petitioner hereby opposes Respondent's Intent to Execute Removal Order on the following grounds:

On December 22, 2003, this Court entered an ex parte temporary restraining order staying Petitioner's removal. On January 30, 2004, this Court issued its Memorandum and Order, requesting Petitioner to supplement the record by February 5, 2003. Petitioner request for an enlargement for time to supplement the petition by February 12, 2004. On February 11, 2004, Petitioner filed supplemented documents to this Court and to the Respondent, as acknowledged in its February 25, 2004 supplemental brief in support of motion to dismiss. It was upon receipt of said supplement that Petitioner became aware that no extension was granted, as cited by Respondent. (Respondent's Supplemental Brief in Further Support of Motion to Dismiss, Page 2). However, in Respondent's March 11, 2004, Notice of Intent to Execute Removal Order, stated that "no such filing was made." (Page 2).

On February 23, 2004, the Immigration Court issued its decision denying Petitioner's motion to reopen. See attachment. An appeal has been filed with the Board of Immigration Appeals, along with his motion for an Emergency Stay.

Due process requires that aliens receive a "full and fair hearing" in the immigration context. Carrasco-Herrera v. Ashcroft, Appx. 201; 2003 U.S. App. LEXIS 25173. Consequently, execution of Petitioner's order of removal would be in violation of the Constitution of the United States.

Additionally, Petitioner merits a stay of removal pending adjudication of his appeal by the Board of Immigration Appeals, where he meets the four part test set forth in Arevalo. Arevalo v. Ashcroft, 344 F.3d 1,7 (1st Cir. 2003). There, this Court stated that "a petitioner must demonstrate (1) that he is likely to succeed on the merits of his underlying case; (2) that he will suffer irreparable harm absent the stay; (3) that this harm outweighs any potential harm fairly attributable to the granting of the stay; and (4) that the stay would not dis-serve the public interest."

Here, Petitioner is likely to succeed on the merits of his appeal where the Immigration Judge erroneously denied his motion to reopen on the basis of ineffective assistance of counsel and to seek asylum. If Petitioner is removed before adjudication of said appeal, he will lose his opportunity to seek judicial review of the IJ's erroneous decision. Removal would cause irreparable harm, where is appeal will become moot once he is removed. This harm far outweighs any potential harm attributable to the granting of the stay, where the removal order is based on an erroneous finding of fact and is manifestly contrary to the law. See Gomez v. INS, 2000 U.S. Dist. Lexis 14774 (U.S. Dist., 2000).

A balancing of the hardships in this case favors the Petitioner. Petitioner has no criminal convictions and has not been a burden to society. If his stay of removal is granted, Petitioner

presents no potential harm to society or the government. Furthermore, the stay of removal would not disserve the public interest. It is the public's interest to see justice done, especially where someone's statutory and constitutional due process right are concerned. Since Petitioner possess a statutory and constitutional due process right to a "full and fair," hearing, the stay should be granted to allow him the opportunity to exercise his administrative reliefs, where he was never afforded the opportunity to pursue that right.

## CONCLUSION

For the foregoing reasons, Petitioner opposes Respondent's intent to execute removal, and prays that this Court will re-instate or extend the temporary restraining order, pending adjudication of his appeal.

Respectfully submitted,


_____
STEPHEN A. LAGANA, Esq.
Lagana & Associates
145 Essex Street
Lawrence, MA 01840
978/ 794-2331
BBO#: 565811

## CERTIFICATE OF SERVICE

I, Stephen A. Lagana, Counsel for Petitioner, hereby certify that on this date, I have mail a copy of the above-enclosed Response, upon Frank Crowley, Special Assistant U.S. Attorney, at the Office of the U.S. Attorney, Department of Homeland Security, P.O. Box 8728, Boston, MA 02114, Bruce Chadbourne, Department of Immigration and Custom Enforcement, JFK Federal Building, Room 1725, 15 New Sudbury Street, Boston, Massachusetts 02203, and Jeremy M. Sternberg, Assistant U.S. Attorney, 1 Courthouse Way, Suite 9200, Boston, MA 02110.

_____          3-19-04
Stephen A. Lagana, Esq.                   Date



**U.S. Department of Justice**

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5201 Leesburg Pike, Suite 1300*
*Falls Church, Virginia 22041*

Lagana, Stephen A.
145 Essex Street,
Lawrence, MA 01841-0000

Office of the District Counsel/BO
P.O. Box 8728
Boston, MA 02114

Name: OSORES AGUILAR, VICTOR

A78-632-854

Type of Proceeding: Removal

Date of this notice: 03/15/2004

Type of Appeal: Appeal of IJ MTR

Filed by:  Alien

### FILING RECEIPT FOR APPEAL

The Board of Immigration Appeals acknowledges receipt of your appeal and fee or fee waiver request (where applicable) on 03/15/2004 in the above-referenced case.

### PLEASE NOTE:

In all future correspondence or filings with the Board, please list the name and alien registration number ("A" number) of the case (as indicated above), as well as all of the names and "A" numbers for each family member who is included in this appeal.

If you have any questions about how to file something at the Board, you should review the Board's Practice Manual and Questions and Answers at www.usdoj.gov/eoir.

Proof of service on the opposing party at the address above is required for ALL submissions to the Board of Immigration Appeals -- including correspondence, forms, briefs, motions, and other documents.  If you are the Respondent or Applicant, the "Opposing Party" is the District Counsel for the DHS at the address shown above. Your certificate of service must clearly identify the document sent to the opposing party, the opposing party's name and address, and the date it was sent to them. Any submission filed with the Board without a certificate of service on the opposing party will be rejected.

**LAGANA & ASSOCIATES**
ATTORNEYS AT LAW
145 ESSEX STREET
LAWRENCE, MA 01841
TEL. (978) 794-2331
FAX: (978) 794-2441

March 19, 2004

VIA FEDEX

Office of the Docket Clerk
United States District Court
for the District of Massachusetts
1 U.S. Courthouse Way
Boston, MA 02210

**RE:    OSORES Aguilar, Victor**
         **File #:03-12572-NG**

Dear Sir/Madam:

Enclosed for filing, please find Petitioner's Response to Respondent's Notice of Intent to Execute Removal Order. Copies have been served upon Respondent Counsels as indicated in the Certificate of Service.

Sincerely,

*[signature]*

Joyce Asber, Esq.
Lagana & Associates

Enclosures