UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VICTOR OSORES, | ) |
| Petitioner | ) ) ) |
| v. | ) ) ) Civil Action No. 03-12572-NG |
| BRUCE CHADBOURNE,[1] | ) ) |
| Respondent | ) ) |

RESPONDENT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Respondent Bruce Chadbourne submits this Memorandum in Support of his Motion to Dismiss. The grounds for this motion include Petitioner's failure to state a claim, based on the untimeliness of his motion to reopen him immigration proceedings, and the Court's lack of jurisdiction due to his failure to raise a colorable claim of pure legal error.

---

[1] The Immigration and Naturalization Service of the United States Department of Justice was "abolished" by section 471 of the Homeland Security Act of 2002, Pub. L. 107-296, tit. IV, subtits. D, E, F, 116 Stat. 2135, 2192 (Nov. 25, 2002) ("HSA"). Most of the interior enforcement functions of the former INS were transferred to the Department of Homeland Security ("DHS"), Directorate of Border and Transportation Security, Bureau of Immigration and Customs Enforcement. These changes were effective March 1, 2003. HSA section 1512(c) provides that "pending civil actions shall continue notwithstanding the enactment of this Act or the transfer of an agency to the Department, and in such civil actions, proceedings shall be had, appeals taken, and judgments rendered and enforced in the same manner and with the same effect as if such enactment or transfer had not occurred." In addition, HSA section 1512(d) provides that "[r]eferences relating to an agency that is transferred to the Department in statutes, executive orders, rules, regulations, directives, or delegations of authority that precede such transfer or the effective date of this act shall be deemed to refer, as appropriate, to the Department, to its officers, employees, or agents, or to its corresponding organizational units or functions." As of a DHS restructuring effective June 9, 2003, it is understood at present that the responsive successor official of the Department of Homeland Security in the instant action is Bruce Chadbourne, Interim Field Director for Detention and Removal, Bureau of Immigration and Customs Enforcement in Boston, Massachusetts.

## Factual Background

Petitioner is a native and citizen of Peru, who entered the United States with a tourist visa on or about September 4, 1996. Petition ¶5. Petitioner overstayed the authorized tourist visa period, and came to the attention of the Immigration and Naturalization Service (now Department of Homeland Security or "DHS") in May/June 2001 when he applied for a job in the Waltham Police Department using a fraudulent social security number. See Exhibit A attached hereto (Record of Deportable/Inadmissible Alien).

On June 4, 2001, Petitioner was served with Notice to Appear, Exhibit B attached hereto, that charged that he was subject to deportation because his tourist visa expired on January 3, 1997, and he remained in the United States beyond that date. On that same date, Petitioner also was served with a Notice of Rights and Request for Disposition, Exhibit C attached hereto. In that Request for Disposition, Petitioner checked the box requesting a hearing to determine whether or not he could remain in the United States. Notably, he did not check the box that states: "I believe I face harm if I return to my country. My case will be referred to the Immigration Court for a hearing."

On November 20, 2002, Petitioner, with his retained counsel present, was granted voluntary departure in lieu of removal by an Immigration Judge. See Exhibit D, attached hereto. Petitioner was given until March 20, 2003 to depart voluntarily. On December 5, 2002, Petitioner's counsel at the time, John Losocco, confirmed in a letter to Petitioner that he had until March 20, 2003 to depart voluntarily. That letter specifically advised Petitioner that failure to depart voluntarily by March 20, 2003 would expose Petitioner to the risk of "INS custody and detention at any time after this date." See Exhibit E, attached hereto.

Petitioner failed to comply with the voluntary departure order. On August 19, 2003, DHS issued a warrant for his removal/deportation. See Exhibit F, attached hereto. Thereafter, Petitioner was taken into DHS custody. After being taken into DHS custody, Petitioner filed, on November 25, 2003, a Motion to Reopen with the Immigration Judge. He also filed an Emergency Motion to Stay Deportation. On December 16, 2003, the Immigration Judge denied the Emergency Motion to Stay Deportation with an endorsed order stating: "Respondent was not ordered to be removed by the court. He was given 120 days voluntary departure until March 20, 2003. There is no indication here as to what relief he might have been eligible for. He did not submit a motion to reopen within 90 days and even thereafter he did not do so until taken into custody." See Exhibit G, attached hereto.

On December 19, 2003, Petitioner filed a Petition for Habeas Corpus in this Court.

### Argument

I. THE PETITION MUST BE DISMISSED BECAUSE THE PETITIONER'S MOTION TO REOPEN TO THE BIA IS UNTIMELY.

The plain language of 8 C.F.R. § 1003.2(c)(2) provides that "a party may file only one motion to reopen deportation or exclusion proceedings (whether before the Board or the Immigration Judge) and that motion must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened, or on or before September 30, 1996, whichever is later."

Petitioner's motion was made well beyond the time constraints set forth by § 1003.2(c)(2). Petitioner's Voluntary Departure Order was dated November 20, 2002. Petitioner's motion to reopen was not filed until over a year later, and was only filed after he was

3

taken into custody.

Further, the First Circuit has not endorsed any equitable tolling with respect to the time limits for a motion to reopen. See Jobe v. INS, 238 F.3d 96, 100 (1st Cir. 2001) (declining to decide whether equitable tolling applied to 8 U.S.C. §1252b(c)(3)(A)). However, it is clear that equitable tolling is a "sparingly invoked doctrine." Id. As in Jobe, there is nothing in this case that would justify applying any equitable tolling to Petitioner's admitted failure to timely file his motion to reopen. See Motion to Reopen at 7 ("The Respondent concedes that there is a time limit for the filing of a motion to reopen on the basis of ineffective assistance of counsel, and acknowledges that this motion does not meet the statutory time limits."). Of course, Petitioner was aware of all the facts relevant to his alleged asylum claim at the time of his hearing on November 20, 2002 and in the 90 days thereafter. Moreover, Petitioner failed to raise an asylum claim at the outset of these proceedings, see Exhibit C, and was specifically advised by his counsel on December 5, 2002 of the consequences of not complying with the voluntary departure order. The motion to reopen is untimely and should not act as the basis for any relief in this Court.

II. PETITIONER'S CLAIMS MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM BECAUSE THE COURT'S SCOPE OF REVIEW IS LIMITED TO COLORABLE CLAIMS OF LEGAL ERROR, WHICH PETITIONER FAILS TO SHOW, THUS DEPRIVING THIS COURT OF JURISDICTION.

Even if this Court does have habeas jurisdiction in immigration matters, its review is limited to colorable claims of legal error, not reviewing issues of fact, or the discretionary decisions of the Immigration Judge. The Petition should be dismissed because Petitioner has made no showing of any colorable claims of legal error.

1. <u>This Court Is Limited to Reviewing Colorable Claims Of Legal Error.</u>

In <u>INS v. St. Cyr</u>, 533 U.S. 289, 290 (2001), the Supreme Court observed that, "in the immigration context, 'judicial review' and 'habeas corpus' have historically distinct meanings." The scope of a court's habeas review is much narrower than the judicial review normally available on direct appeal from an agency decision. <u>Eugene v. INS</u>, 2003 WL 40509, *2 (D.Mass. 2003). <u>See also</u> <u>Mahadeo v. Reno</u>, 226 F.3d 3, 12 (1st Cir. 2000); <u>Goncalves v. Reno</u>, 144 F.3d 110, 125 (1st Cir. 1998). A court's habeas jurisdiction does not extend to review of discretionary determinations of the IJ and BIA. <u>Eugene</u>, 2003 WL 40509, *2. Instead, a court may only review petitions that are based on "colorable claims of legal error, that is, colorable claims that an alien's statutory or constitutional rights have been violated." <u>Carranza v. INS</u>, 277 F.3d 65, 71 (1st Cir. 2002).

In <u>St. Cyr</u>, the Supreme Court, drew a sharp distinction between review of cases presenting pure law questions, and review of other, fact-bound, or discretionary cases. The Court recognized that:

> [St. Cyr's] application for a writ of habeas corpus raises a pure question of law. <u>He does not dispute any of the facts</u> that establish his deportability or the conclusion that he is deportable. Nor does he contend that he would have any right to have an unfavorable exercise of the Attorney General's <u>discretion</u> reviewed in a judicial forum. Rather, he contests the Attorney General's conclusion that, as a matter of <u>statutory interpretation</u>, he is not eligible for discretionary relief.

<u>Id.</u> at 298 (emphasis added).

The First Circuit confirmed in <u>Carranza v. INS</u>, 277 F.3d 65, 71 (1st Cir. 2002), its

understanding of the Supreme Court's St. Cyr ruling that "[f]ederal courts therefore retain subject matter jurisdiction over habeas petitions brought by aliens facing removal to the extent those petitions are based on colorable claims of legal error, that is, colorable claims that an alien's statutory or constitutional rights have been violated." See also Reid v. INS, 203 F.Supp.2d 47 (D. Mass. 2002)(same); Sulaiman v. Attorney General, et al., 212 F.Supp.2d 413, 416 (E.D.Pa. 2002) ("scope of review of [deportation orders] is limited to questions of law."). In Lopez v. Ashcroft, 267 F.Supp. 2d 150, 153 (D. Mass. 2003), Chief Judge Young followed this reasoning in holding that where a "fact-intensive review" of a legal determination "demands an extensive factual inquiry," the district court does not possess habeas jurisdiction.

Several other circuit courts have held that such habeas corpus jurisdiction in the federal courts as may exist to review removal orders does not reach factual or discretionary determinations. See Sol v. INS, 274 F.3d 648, 650 (2d Cir. 2001) (affirming dismissal of a habeas corpus petition seeking to challenge a discretionary determination of the INS rather than a decision "in violation of the Constitution or laws or treaties of the United States"). The Second Circuit in Sol also observed that several other circuit courts had come to the same conclusion. Id. at 650, citing to Finlay v. INS, 210 F.3d 556, 557 (5th Cir. 2000), Bowrin v. USINS, 194 F.3d 483, 490 (4th Cir. 1999), and Catney v. INS, 178 F.3d 190, 195 (3d Cir. 1999). See also Gutierrez-Chavez v. INS, 298 F.3d 824, 827 (9th Cir. 2002) ("[28 U.S.C.] § 2241 does not say that habeas is available to challenge purely discretionary (yet arguably unwise) decisions made by the executive branch that do not involve violations of the Constitution or federal law").

This Court therefore has subject matter jurisdiction over "colorable claims of legal error" or "pure questions of law" relating to a final order of removal in a habeas petition, assuming

review is not otherwise barred. However, as detailed below, Petitioner fails to raise any such issue.

### 2. Petitioner Has Failed To State Any Claim Of Legal Error Because His Claim Of Ineffective Assistance Of Counsel Requires A Factual Inquiry.

Petitioner asserts ineffective assistance of counsel in failing to raise an asylum claim – a claim Petitioner failed to raise himself before, during and after (until being taken into custody) he was represented by the counsel he now criticizes. Ineffective assistance of counsel is clearly an intensely fact-bound determination.

In light of St. Cyr and Carranza, Petitioner's ineffective assistance of counsel allegations clearly present factual issues, and do not constitute "colorable claims of legal error" or "pure questions of law" appropriate for habeas corpus review. Petitioner's claims require a fact-intensive review, which, as illustrated in Lopez, is inappropriate for habeas review. It has previously been determined that a habeas petition, based on a claim of ineffective assistance of counsel, "far exceeds the scope of this Court's jurisdiction over pure questions of law as articulated by the Supreme Court in St. Cyr." Reyna-Guevara v. Pasquarell, 2002 WL 1821619, *5 (W.D. Tex. 2002).

Because Petitioner's ineffective assistance of counsel claim requires a factual inquiry, he has failed to state any claim of legal error and, therefore, his habeas petition must be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

### 3. Petitioner's Claim Lacks Merit And Should Be Dismissed Regardless Of Whether It Raises A Question Of Legal Error Appropriate For Habeas Review.

Even accepting the claim that an error of counsel was responsible for Petitioner's failure to raise an asylum claim, the First Circuit has articulated that "attorney negligence creates a

7

constitutional flaw only if it is extreme *and* there is a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Hernandez v. Reno, 238 F.3d 50, 56 (1st Cir. 2001). In addition, the constitutional right to civil due process "does not include an opportunity to tie up deportation proceedings in knots through collateral attacks on defects that would not plausibly have altered the result." Hernandez, 238 F.3d at 57.

Petitioner has not demonstrated that he would have been granted any relief from the deportation proceeding had he proceeded with some different strategy. He never raised an asylum issue before. Moreover, in Hernandez the court addressed the fact that Hernandez, just like Petitioner, waited for an extended period to challenge the effectiveness of prior counsel. The Hernandez court said it was "hard to stomach" the idea that Hernandez could "sit on his hands" for years and then say he was unconstitutionally denied an opportunity to pursue an appeal from the denial of waiver." Hernandez, 238 F.3d at 57. In addition, the Court said "it would seem that Hernandez had some duty – as a condition of a successful due process claim – to monitor his lawyer's actions and assure that his appeal was being pursued." Id.

The First Circuit has characterized a request for a judicial stay to pursue an untimely motion to reopen at the BIA, in connection with a request to the Federal courts to vacate the order, as "not due process but overkill of the kind that has lead Congress increasingly to limit judicial review and to abolish waivers even for those who may fully deserve them." Hernandez, 238 F.3d at 57. See also Jobe v. I.N.S., 238 F.3d 96 (1st Cir. 2001) (alien's due process argument, based on attorney's ineffectiveness of counsel, was undermined by alien's lack of

diligence in pursuing available remedies).[2]

In conclusion, Petitioner's claims do not amount to a due process violation for which he is entitled relief. In addition, his failure to diligently pursue a due process claim undermines the validity of this recent attempt at securing relief. For these reasons, and the reasons previously stated, this Court should dismiss the Petition and dissolve the temporary stay of removal.

---

[2] In addition to being untimely, Petitioner's motion to reopen on the basis of ineffective assistance grounds appears to fail facially because it does not satisfy the required elements of such a claim as set forth in In re Lozada, 19 I & N Dec. 637, 639 (BIA 1988), and later endorsed in Hernandez, 238 F.3d at 55 (recognizing that ineffective assistance claims are easily made and compromise finality, the requirements include an affidavit regarding the agreement with counsel, notice to counsel and a statement that the alleged defect by counsel has been reported to state authorities and, if so, with what result).

WHEREFORE, Respondent respectfully requests that the Court allow this motion to dismiss in its entirety.

                    Respectfully submitted,

                    BRUCE CHADBOURNE

                    By his attorney,

                    MICHAEL J. SULLIVAN
                    UNITED STATES ATTORNEY

By:     */s/ Jeremy M. Sternberg*
            Jeremy M. Sternberg
            Assistant U.S. Attorney
            1 Courthouse Way
            Suite 9200
            Boston, MA 02210
            (617) 748-3142

Certificate of Service
I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each. Other party by mail/hand on _____

12/29/03     */s/ Jeremy M. Sternberg*
DATE         Assistant U.S. Attorney