SCANNED
DATE: 3-1-04
BY: CMB

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VICTOR OSORES, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>BRUCE CHADBOURNE, )<br>)<br>Respondent. )<br>) | Civil Action No. 03-12572-NG |

### RESPONDENT'S SUPPLEMENTAL BRIEF IN FURTHER SUPPORT OF HIS MOTION TO DISMISS

Respondent, Bruce Chadbourne, hereby submits this supplemental brief in further support of his motion to dismiss. Though the grounds for his motion to dismiss are set forth in his original and supplemental memoranda, attached hereto as Exhibits A and B, respectively, Respondent submits this brief in response to the Court's Memorandum and Order dated January 30, 2004.

In that Memorandum and Order, the Court noted that Petitioner's argument regarding whether allegedly ineffective assistance of counsel should have equitably tolled his deadline for filing a motion to reopen with the Board of Immigration Appeals, would be "an uphill climb for Osores." Memorandum at 6. The Court further found that as of the time of the filing of his Petition, "Osores had done nothing to perfect his claim of ineffective assistance of counsel or buttress his petition with the facts underlying his asylum claim." Memorandum at 3. However, the Court also decided that the factual record submitted by Osores was incomplete and gave counsel for Osores until February 5, 2003, to supplement his papers. Memorandum at 6-7.



On February 4, 2004, counsel for Osores moved to extend that February 5, 2004 supplementation deadline. By order dated February 9, 2004, the Court denied that motion. Neither Osores nor his counsel has filed with the Court any subsequent pleading. Counsel for Respondent notes that neither Osores nor his counsel has served him with any pleadings in this case, despite personal request. Though the District Court electronic records show no indication of filing, and though they were not served on counsel of record for Respondent, counsel for the Department of Homeland Security recently received copies of the following: 1) Supplemental Statements of Victor Osores in Support of Petition For Habeas Corpus Relief; 2) a Statement by Irma Osores; and 3) a Statement by Christopher J. Williams. Despite the lack of filing and service, out of an abundance of fairness, these statements are attached hereto as Exhibit C.

However, these statements, even if now considered part of the record, do not alter the landscape of the record, factual and legal, which pitches steeply against equitable tolling. Earlier this month, in Betouche v. Ashcroft, — F.3d — (1st Cir. 2004), 2004 WL 253401, the First Circuit again addressed the standard for assessing administrative motions to reopen based upon ineffective assistance of counsel claims. In Betouche, the claim was that ineffective counsel filed the appeal from an Immigration Judge's order denying a petitioner's asylum application late, and then deliberately concealed from petitioner the subsequent dismissal of the appeal for untimeliness by the BIA for more than three years.

In Betouche, in connection with the standard for administrative assessment of motions to reopen based upon claims of ineffective assistance of counsel, the First Circuit again expressed approval of the BIA's administrative protocol for establishing such claims, set out in Matter of Lozada, 19 I & N Dec. 637, 639 (BIA 1988). The First Circuit observed that Lozada "advanced

important policy reasons" for its requirements, recognizing that "[s]ince a delay in deportation may itself create a substantial boon to an alien already subject to a final deportation order, there exists a significant prospect that entirely meritless and/or collusive ineffective assistance claims may be filed for purely dilatory purposes." 2004 WL 253401 at *2. The First Circuit was concerned that the Immigration Courts be able to use mechanisms fairly and efficaciously for "screening out, *ab initio*, the numerous groundless and dilatory claims routinely submitted in these cases." Id.

Moreover, the First Circuit declared that even if the petitioner had satisfied the Lozada requirements, "he would have had the burden to establish at least a reasonable probability of prejudice resulting from his former attorney's failure to bring a timely appeal from the final deportation order." Id. at n. 8 at *3.

As noted in an earlier brief, the whole predicate for Osores' ineffective assistance claim – a claim for asylum – is barred by his failure to apply for asylum before bringing this habeas petition. Therefore, this Court lacks subject matter jurisdiction. See 8 U.S.C. §1252(d)(1)(a court may review a final order of removal "only if . . . the alien has exhausted all administrative remedies available to the alien as of right. . ."); Sousa v. INS, 226 F.3d 28,, 31 (1st Cir. 2000) ("[w]hatever our own views, we are bound by precedent to apply the INA exhaustion requirement in a more draconian fashion."). See also Mattis v. Reno, 212 F.3d 31, 41 (1st Cir. 2000) ("[t]raditional rules regarding exhaustion and waiver [which] govern on direct review of BIA final orders . . . [also] hold on habeas review, which we have suggested is less broad than direct review.").

In Amaye v. Elwood, 2002 WL 1747540 (M.D.Pa.), the petitioner filed for habeas corpus

3

relief following a removal order. He asserted that he was eligible for a number of forms of relief from removal, including asylum pursuant to 8 U.S.C. § 1158. Id. at *2. The Court dismissed his asylum claim for failure to exhaust administrative remedies, because he had not applied for asylum prior to the habeas proceeding. Id. at *3. The same result should obtain here.

In the instant case, Petitioner sets forth unsubstantiated claims that he is eligible for asylum due to conditions he would face upon returning to his native country of Peru. Despite ample time and opportunity, Petitioner did not file an application for asylum prior to making a request for habeas relief. In fact, he never raised the issue during over two years of immigration proceedings, until he was taken into custody for failure to voluntarily depart. As in Amaye, the Petitioner's claim for asylum should be dismissed for failure to exhaust administrative remedies.

Further, despite oral and written entreaties from this Court, Osores has still not demonstrated full compliance with the Lozada factors. Moreover, even accepting all the statements by Osores, his wife and his fellow parishioner, he still fails to demonstrate the "exceptional circumstances" typically required for the "sparingly invoked" doctrine of equitable tolling. Osores' own statement cuts against his claims of diligence and good faith. On March 20, 2003, the date he was ordered to voluntarily depart the United States, instead of somehow pursuing his rights, Osores instead did nothing, stating: "I thought if the Immigration Service did not know I was still here, my family and I would be fine." All of his claims regarding ineffective assistance only came to light after he was arrested, and even then after he had been in custody for four months. The First Circuit has characterized a request for a judicial stay to pursue an untimely motion to reopen at the BIA, in connection with a request to the federal courts to vacate the order, as "not due process but overkill of the kind that has led Congress increasingly to limit

judicial review and to abolish waivers even for those who may fully deserve them." Hernandez v. Reno, 238 F.3d 50, 56 (1st Cir. 2001).

Finally, even if Osores had satisfied the Lozada requirements, even if he had not sat on his rights, even if he had filed for asylum prior to bringing this habeas action, it would not be enough because he does not (and cannot) show any prejudice. Based on his own filings, he cannot show that his asylum claim has any conceivable merit as required by Betouche. Mere harm feared or experienced as a result of one's status as a police officer does not constitute "persecution" entitling an applicant to asylum. Matter of Fuentes, 19 I & N Dec. 658 (BIA 1988). It also appears that any asylum claim by Osores would be untimely, as applicants generally must file within one year of arrival in the United States. 8 U.S.C. §1158(a)(2)(B).

In sum, this petition has no merit and should be dismissed.

Respectfully submitted,

BRUCE CHADBOURNE

By his attorney,

MICHAEL J. SULLIVAN
UNITED STATES ATTORNEY

By: Jeremy M. Sternberg
Assistant U.S. Attorney
1 Courthouse Way
Suite 9200
Boston, MA 02210
(617) 748-3142

5

Certificate of Service
I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each. Other party by mail/hand on _____

2-25-04
DATE       Assistant U.S. Attorney